IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2016 FEB -5 PM 2:51
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT C. SHAW, ROSE O. SHAW, SAINT ANDREWS IVY, B.T., OCWEN LOAN SERVICING, LLC, and LEE COUNTY, FLORIDA,

Defendants.

Case No. 2:16-CV-109-FtM-99CM

**UNITED STATES' COMPLAINT TO FORECLOSE FEDERAL TAX LIENS AND SELL REAL PROPERTY**

Plaintiff, the United States of America, by and through its attorneys, complains and alleges as follows:

1. This is a civil action brought by the United States of America to (1) foreclose federal tax liens a parcel of property (the "Florida Parcel," more specifically described below). The Florida Parcel is held in the name of an entity called Saint Andrews Ivy, B.T., but as alleged below, Saint Andrews Ivy, B.T. held the Florida Parcel as the nominee/alter-ego of Richard C. Shaw. The United States seeks to foreclose its tax liens against the Florida Parcel, sell the Florida Parcel, and collect the proceeds to which it is entitled.

## JURISDICTION AND VENUE

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. §§ 1391(b)(2) because the Florida Parcel is located within this judicial district.

## DEFENDANTS

5. Defendant Richard C. Shaw is believed to reside in Henderson, Nevada. He is made a party to this suit because he has unpaid federal tax assessments and he has an ownership interest in the Florida Parcel.

6. Defendant Rose O. Shaw is believed to reside in Henderson, Nevada. She is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because she may claim an interest in the Florida Parcel.

7. Defendant Saint Andrews Ivy, B.T. is believed to be incorporated in Nevada, within the jurisdiction of this Court. It is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Florida Parcel.

8. Ocwen Loan Servicing, LLC is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Florida Parcel.

9. Lee County, Florida is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Florida Parcel.

**THE FLORIDA PARCEL**

10. The United States seeks foreclosure of federal tax liens against the parcel of real property described below, identified as 2301 Ivy Ave, Fort Myers, Fl. 33907 ("Florida Parcel"). The legal description is as follows:

> Lot 1, Block 77, of the certain subdivision known as FORT MYERS VILLAS, UNIT NO. 3B PART 2 AND UNIT NO. 4 PART 3, AND UNIT NO. 5 PART 2, AND UNIT NO. 6, PART 1, according to the map or plat thereof on file and recorded in the Office of the Clerk of the Circuit Court of Lee County, Florida, in Plat Book 17, Pages 61 and 62, Public Records of Lee County, Florida.

11. On May 25, 1999, a warranty deed was recorded in Lee County, Florida, (Doc. No.: 4641532), in which Thomas Nunn and Shirley Nunn transferred transferred the Florida Parcel to Richard C. Shaw. The deed states that the property transfer happened "in consideration of $10.00."

12. On September 22, 2003, a quit claim deed was recorded in Lee County Florida (Doc. No. 5978038), in which Richard C. Shaw, "joined by his spouse Rose Shaw," for ten dollars' consideration, purported to transfer the Florida Parcel to Richard C. Shaw and Rose Shaw, husband and wife.

13. On October 19, 2004, a warranty deed was recorded in Lee County, Florida, (Doc. No. 6490971), in which Richard Shaw purported to transfer the

Florida Parcel to Saint Andrews Ivy, B.T. for $10. A corrected version of that warranty deed was filed October 19, 2004, in Lee County, Florida, (Doc. No. 6492360

14. On September 22, 2003, a mortgage was recorded in Lee County, Florida, (Doc. No. 5978039), in which a loan of $135,000 to Richard and Rose Shaw was secured by the Florida Parcel. The lender was Homecoming Financial Network, Inc. The Beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS").

15. The current servicer of the foregoing mortgage is Ocwen Loan Servicing, LLC.

## TAX LIABILITIES

16. The United States reasserts the allegations made in paragraphs one through 15 above, as fully set forth herein.

17. On the dates set forth below, a duly authorized delegate of the Secretary of the Treasury made assessments against Richard C. Shaw, individually, as follows:

| Type of Tax | Tax Period | Assessment Date | Assessment Amount[1] | | Unpaid Balance as of August 17, 2015[2] |
|---|---|---|---|---|---|
| 1040A | 12/31/1999 | 11/17/2003 | P3 | $2,497.00 | $169,095.63 |
| | | 11/17/2003 | P1 | $11,609.00 | |
| | | 11/17/2003 | T | $51,630.00 | |
| | | 11/17/2003 | I | $17,465.73 | |
| | | 11/17/2003 | P2 | $11,351.12 | |
| | | 5/16/2005 | F | $20.00 | |
| | | 8/22/2005 | F | $30.00 | |
| | | 11/14/2005 | P2 | $1,547.88 | |
| | | 4/16/2007 | F | $24.00 | |
| | | 3/31/2008 | F | $48.00 | |
| | | 7/19/2010 | P1 | $13,481.50 | |
| | | 4/15/2000 | W | $47.15 | |
| | | 7/19/2010 | T | $53,960.00 | |
| | | 9/24/2012 | F | $54.00 | |
| | | 11/18/2013 | I | $85,785.16 | |
| 1040A | 12/31/2000 | 11/17/2003 | P3 | $2,624.00 | $148,188.92 |
| | | 11/17/2003 | P1 | $11,052.00 | |
| | | 11/17/2003 | T | $49,119.00 | |
| | | 11/17/2003 | I | $10,059.33 | |
| | | 11/17/2003 | P2 | $7,859.04 | |
| | | 11/14/2005 | P2 | $4,420.71 | |
| | | 6/14/2010 | P1 | $12,609.00 | |
| | | 6/14/2010 | P5 | $10,087.20 | |
| | | 6/14/2010 | T | $50,436.00 | |
| | | 6/14/2010 | I | $52,362.52 | |

[1] F—fees and collection costs; P1—late return filing penalty, 26 U.S.C. §6651(a)(1); P2—failure to timely pay tax penalty, 26 U.S.C. §6651(a)(2) & (a)(3); P3—estimated tax penalty; P4—frivolous filing penalty, 26 U.S.C. § 6702; P5—accuracy related penalty, 26 U.S.C. § 6662; I—interest assessed; T—tax assessed; W–reduce or remove withholding

[2] Includes accrued but unassessed interest and applied credits as of this date.

| | | | | | |
|---|---|---|---|---|---|
| | | 11/18/2013 | I | $15,068.28 | |
| | | 3/2/2015 | F | $54.00 | |
| | | 6/8/2015 | F | $16.00 | |
| 1040A | 12/31/2003 | 2/6/2006 | P3 | $529.43 | $35,393.12 |
| | | 2/6/2006 | P1 | $4,616.55 | |
| | | 2/6/2006 | T | $20,518.00 | |
| | | 2/6/2006 | I | $2,647.54 | |
| | | 2/6/2006 | P2 | $2,256.98 | |
| | | 4/3/2006 | F | $50.00 | |
| | | 11/12/2007 | P2 | $2,872.52 | |
| | | 11/18/2013 | I | $15,032.03 | |
| | | 5/4/2015 | F | $124.00 | |
| 1040A | 12/31/2004 | 1/10/2011 | P3 | $276.12 | $22,297.13 |
| | | 1/10/2011 | P1 | $2,167.88 | |
| | | 1/10/2011 | T | $9,635.00 | |
| | | 1/10/2011 | I | $4,838.23 | |
| | | 1/10/2011 | P2 | $2,408.75 | |
| | | 11/18/2013 | I | $1,833.84 | |
| Civil Penalty | 12/31/2002 | 6/14/2010 | P4 | $5,000.00 | $6,533.87 |
| | | 11/18/2013 | I | $945.56 | |
| Civil Penalty | 12/31/2003 | 7/5/2010 | P4 | $5,000.00 | $5,887.81 |
| | | 11/18/2013 | I | $587.49 | |
| TOTAL | | | | | $387,396.48 |

18. The period for collection of the assessments described in paragraph 17 above has not yet expired and this action is not barred by 26 U.S.C. § 6502.

19. Richard C. Shaw failed to pay in full the above tax liabilities despite notice and demand for payment. Pursuant to 26 U.S.C. § 6321, statutory liens arose against all property and rights to property owned by Richard C. Shaw, including the Florida Parcel, at the time of the tax assessments.

20. Despite timely notice and demand for payment of the assessments described above, Richard Shaw neglected or refused to make full payment to the United States, and there remains due and owing on those assessments, together

with accrued but unassessed statutory interest and other additions, the amount of $387,396.48, as of August 17, 2015, plus statutory interest and accruals after that date.

21. The IRS duly recorded notices of federal tax liens in Lee County, doc. no. 20141120-0002981 (Nov. 20, 2014), doc. no. 2015-0218-0000956 (Feb. 18, 2015), and doc. no. 20150504-0002075 (May 4, 2015), naming Saint Andrews Ivy, B.T. as nominee of Richard Shaw. Those documents are for Richard Shaw's 1999, 2000, 2003, 2004, federal income tax periods, and the 2002 and 2003 civil penalty periods.

22. The IRS also recorded notices of federal tax liens for Richard Shaw's federal income tax periods against him, personally, in Lee County, Florida, doc no. 6762146 (April 28, 2005); doc. no. 2014000185938 (Sept. 9, 2014); doc. no. 2006000108467 (Mar. 15,2006); doc. no. 2012000188542 (Aug. 29, 2012).

## RICHARD SHAW'S PURCHASE AND CONTROL OF THE FLORIDA PARCEL, AND THE RELEVANT NOMINEE ENTITY

23. The United States reasserts the allegations made in paragraphs one through 22 above, as fully set forth herein.

24. Saint Andrews Ivy, B.T., purportedly a trust, has Richard and Rose Shaw's son, Travis Shaw, and daughter, Vanessa Shaw, listed as trustees. Travis Shaw is the registered agent. The trust has no beneficiaries. Richard Shaw is the managing director of the trust, while Rose Shaw is the secretary of the trust.

25. On information and belief, all mortgages taken on the Florida Parcel were in the names of Richard and/or Rose Shaw.

26. On information and belief, Richard Shaw currently lives on a parcel of property also owned by Saint Andrews Ivy, B.T., in Nevada.

27. On information and belief, Richard Shaw has lived on the Florida Parcel periodically since that parcel was purchased by Richard Shaw.

28. The carrying costs for the Florida Parcel are being paid out of Richard Shaw's bank accounts.

## COUNT I: FIND THAT THE UNITED STATES' TAX LIENS HAVE PRIORITY OVER SUBSEQUENTLY-RECORDED INTERESTS

29. The United States reasserts the allegations made in paragraphs one through 28 above, as fully set forth herein.

30. Some of the assessments described in paragraph 17 were made before the purported transfer of the Florida Parcel to Saint Andrews Ivy, B.T.

31. Because Saint Andrews Ivy, B.T. was not a bona fide purchase in good faith of the Florida Parcel, it was not a "purchaser" under 26 U.S.C. § 6323(a), and the liens for these tax assessments continue to attach to the property.

## COUNT II: SET ASIDE TRANSFER OF PROPERTY OF FLORIDA PARCEL TO SAINT ANDREWS IVY, B.T. AS FRAUDULENT

32. The United States reasserts the allegations made in paragraphs one through 31 above, as fully set forth herein.

33. Despite the purported transfer of the Florida Parcel, Defendant Richard Shaw has continued to occupy, possess, exercise dominion and control over, and have use and enjoyment of the Florida Parcel.

34. The transfer for the Florida Parcel as described above was made with the actual intent to hinder, delay, or defraud the United States as a creditor of Defendant Richard Shaw.

35. Before the transfer of the Florida Parcel as described above was made, the Richard Shaw had been informed of his tax obligations and that he needed to pay.

36. The transfer of the property was to an "insider," in that, as described in the following count, Saint Andrews Ivy, B.T. was a nominee or alter ego of Richard Shaw.

37. Richard Shaw did not receive a reasonably equivalent value in exchange for the Florida Parcel, as he gave the land to Saint Andrews Ivy, B.T. for ten dollars.

38. At the time Richard Shaw purported to vest the property in the name of Saint Andrews Ivy, B.T., Richard Shaw knew or had reason to know that he had incurred and would continue to incur income tax liabilities for his failure to timely file non-frivolous income tax returns, and pay their taxes.

39. At the time Richard Shaw purported to transfer the Florida Parcel to Saint Andrews, B.T., Richard Shaw was indebted to the United States for outstanding tax liabilities.

40. Defendant Richard Shaw purported to transfer the Florida Parcel, and another parcel of property in Nevada, to Defendant Saint Andrews, B.T. without receiving a reasonably equivalent value in exchange for the transfer, and, as a result of that transaction, Richard Shaw became insolvent.

41. As such, the purported transfer of the Florida Parcel to Saint Andrews Ivy, B.T. was a fraudulent conveyance and is voidable pursuant to F.S.A. § 726.105(1)(a)&(b).

**COUNT III: FIND THAT THE FLORIDA PARCEL IS HELD BY SAINT ANDREWS IVY, B.T. AS THE NOMINEE OR ALTER EGO OF RICHARD C. SHAW AND THAT THE FEDERAL TAX LIENS ATTACH TO THAT INTEREST**

42. The United States reasserts the allegations made in paragraphs one through 41, above, as fully set forth herein.

43. Despite the purported transfer of the Florida Parcel to Saint Andrews Ivy, B.T., Richard Shaw has continued to enjoy full beneficial ownership of, and to exercise dominion and control over, the Florida Parcel, such that, to the extent Saint Andrews Ivy, B.T. purports to hold title to the Florida Parcel, it does so as a nominee and/or alter ego of Richard Shaw.

44. Defendant Richard Shaw has an ownership interest in the Florida Parcel.

45. Legal and equitable title should rest with the true owner, defendant Richard Shaw.

46. Defendant Saint Andrews Ivy, B.T. is governed and influenced by Richard Shaw.

47. There is a unity of interest and ownership between Saint Andrews Ivy, B.T., and Richard Shaw, such that Saint Andrews Ivy is inseparable from Richard Shaw.

48. Adherence to the fiction that Saint Andrews Ivy, B.T. is a separate entity from Richard Shaw would sanction a fraud or promote injustice.

49. Defendant Saint Andrews Ivy, B.T. is the nominee and/or alter ego of Defendant Richard Shaw with respect to their beneficial ownership of an interest in the Florida Parcel.

## COUNT IV: FORECLOSE FEDERAL TAX LIENS AGAINST THE FLORIDA PARCEL, CURRENTLY TITLED IN THE NAME OF A NOMINEE AND/OR ALTER EGO OF RICHARD C. SHAW AND SELL THE PROPERTY TO SATISFY, IN PART OR IN FULL, THE TAX LIENS AT ISSUE

50. The United States reasserts the allegations made in paragraphs one through 49 above, as fully set forth herein.

51. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property and rights to property, whether real or personal, belonging to Defendant Richard Shaw—

including the Florida Parcel—as of the dates of the assessments described in paragraph 16, above.

52. The federal tax liens described in paragraphs 20 through 21, above, attached to Richard Shaw's interest in the Florida Parcel sought to be foreclosed in this action, and remain on the Florida Parcel, despite any subsequent transfers.

53. The federal tax liens have priority over all interests in the Florida Parcel acquired after the attachment of the tax liens, subject to 26 U.S.C. § 6323.

54. Under 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Florida Parcel to enforce its tax liens thereon.

WHEREFORE the United States prays as follows:

A. That the Court determine that the transfer of the Florida Parcel from Richard Shaw to Saint Andrews Ivy, B.T. was fraudulent as against the United States, pursuant to N.R.S. § 112,180(1)(a)&(b).

B. That the Court determine that to the extent Saint Andrews Ivy holds title to the Florida Parcel that it does so as the nominee and/or alter ego of Defendants Richard Shaw.

C. That the Court determine that the United States have valid and subsisting federal tax liens on all property and rights to property of Defendant Richard Shaw, both real and personal, tangible and intangible, including the Florida Parcel.

D. That the Court determine the merits and priority of any claim or interest in the Florida Parcel asserted by the named Defendants;

E. That the Court order that the United States' tax liens encumbering the Florida parcel be foreclosed; that the properties be ordered sold by a court appointed IRS Property and Appraisal Liquidation Specialist, or the United States Marshalls, at a judicial sale pursuant to 28 U.S.C. § 2001 & 26 U.S.C. § 7403(c); that the proceeds of the sale be applied first to the to the costs of such sale and any outstanding real property county taxes at the time of such sale and to any other claimants with priority claims over the United States, and then to the United States to partially satisfy its federal tax liens; and then to the United States to partially satisfy its federal tax liens; and

F. That the United States be granted such other relief as the court deems just and proper, including fees and costs as allowed by law.

Respectfully submitted this 5th day of February, 2016.

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3395 (v)
202-307-0054 (f)
Dylan.C.Cerling@tax.usdoj.gov

Of Counsel:

U.S. Attorney
A. Lee Bentley, III

Attorneys for United States