UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No: 2:16-cv-109-FtM-99CM

RICHARD C. SHAW, ROSE O. SHAW, SAINT ANDREWS IVY, B.T., OCWEN LOAN SERVICING, LLC and LEE COUNTY, FLORIDA,

    Defendants.

## ORDER

This matter comes before the Court upon review of United States' Motion for Clerk's Entry of Default against Richard C. Shaw (Doc. 32); United States' Motion for Clerk's Entry of Default against Rose Shaw (Doc. 33); and United States' Motion for Clerk's Entry of Default against Saint Andrew Ivy, B.T. (Doc. 34) filed on January 25, 2017, and Defendant Lee County's ("Lee Country") Unopposed Motion to be Excused from All Pretrial Matters and Appearing at Trial (Doc. 37) filed on February 1, 2017. Plaintiff and Defendant Ocwen Loan Servicing, LLC do not oppose Lee County's motion. Doc. 37 at 2.

    I.    **Plaintiff's Motion for Clerk's Entry of Default (Docs. 32, 33, 34)**

This is a civil action to foreclose certain federal tax liens on real property located in this district to help satisfy outstanding tax assessments. Doc. 7. On September 7, 2016, the Court granted Plaintiff's motion to extend the time for service

and to permit service by publication, and permitted service upon Defendants Richard C. Shaw, Rose O. Shaw, and Saint Andrews Ivy, B.T. by publication. Doc. 24 at 3. The Court directed the Clerk of Court to issue the Notice Regarding Complaint to Foreclose Federal Tax Liens (the "Notice of Action") and ordered Plaintiff to publish the Notice of Action once per week for six (6) consecutive weeks in a newspaper of general circulation published in Lee County, Florida. *Id.* at 4.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Rule 4, Federal Rules of Civil Procedure, allows service upon an individual in accordance with state law and upon a corporation in the same manner provided for serving an individual. Fed. R. Civ. P. 4(e)(1), 4(h)(1). Florida law permits service of process by publication in an action to enforce a lien on property located within the jurisdiction of the Court. Fla. Sta. § 49.011(1). When personal service cannot be

made after diligent efforts, Florida law provides for service by publication upon any party.  Fla. Stat. § 49.021(1).  In addition, in an action to enforce a lien on real or personal property within the district, the Court may permit service by publication "where personal service is not practicable."  28 U.S.C. § 1655.

Here, Plaintiff effectuated proper service of process by obtaining the Court's permission for service by publication and complying with the Court's prior Order regarding service by publication (Doc. 24).  On December 22, 2016, Plaintiff filed a sworn affidavit that the Notice of Action was published once per week in the News-Press, a daily newspaper published at Fort Myers in Lee County, Florida, for six (6) consecutive weeks: on October 31, 2016, November 7, 2016, November 14, 2016, November 21, 2016, November 28, 2016, and December 5, 2016.  Doc. 30 at 1.  Plaintiff also certified that it mailed a copy of the proof of publication to Defendants Richard C. Shaw, Rose O. Shaw, and Saint Andrews Ivy, B.T.  *Id.* at 2.  As of this date, Defendants Richard C. Shaw, Rose O. Shaw, and Saint Andrews Ivy, B.T. have neither appeared in this matter nor responded to Plaintiff's Amended Complaint (Doc. 7).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.  Defendants Richard C. Shaw, Rose O. Shaw, and Saint Andrews Ivy, B.T. have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

## II. Lee County's Motion to be Excused from All Pretrial Matters (Doc. 37)

Lee County seeks to be excused from all pretrial matters and appearing at trial because it does not have any interest in the subject property or any meaningful role in these proceedings. Doc. 37 at 1. On January 31, 2017, Lee County filed a Disclaimer of Interest, disclaiming its interest in the subject property. Doc. 36. Because this motion is unopposed, and Lee County disclaimed its interest in the subject property, the Court will grant this motion.

ACCORDINGLY, it is hereby

**ORDERED:**

1. United States' Motion for Clerk's Entry of Default against Richard C. Shaw (Doc. 32) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Richard C. Shaw.

2. United States' Motion for Clerk's Entry of Default against Rose Shaw (Doc. 33) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Rose Shaw.

3. United States' Motion for Clerk's Entry of Default against Saint Andrews Ivy, B.T. (Doc. 34) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Saint Andrews Ivy, B.T.

4. Defendant Lee County's Unopposed Motion to be Excused from All Pretrial Matters and Appearing at Trial (Doc. 37) is **GRANTED**. Defendant Lee County is excused from appearing at all pretrial matters and trial.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 5 -