UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No: 2:16-cv-109-FtM-99CM

RICHARD C. SHAW, ROSE O. SHAW, SAINT ANDREWS IVY, B.T., OCWEN LOAN SERVICING, LLC, and LEE COUNTY, FLORIDA,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on the United States' Motion for Default Judgment Against Richard Shaw, Rose Shaw, and Saint Andrews Ivy, B.T. (Doc. #46) and Declaration of Dylan Cerling in Support of Motion for Entry of Default Judgment Against Richard Shaw, Rose Shaw, and Saint Andrews Ivy, B.T. (Doc. #47), filed on April 20, 2017. No response has been filed, and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On February 5, 2016, the United States (plaintiff or United States) filed a four-count Complaint to Foreclose Federal Tax Liens and Sell Real Property against defendants Richard Shaw; Rose Shaw;

Saint Andrews Ivy, B.T.; Lee County, Florida; and Ocwen Loan Servicing, LLC (Ocwen) regarding a parcel of real property at 2301 Ivy Ave., Fort Myers, Florida, 33907[1] (Florida Parcel) (Doc. #1). Plaintiff is currently proceeding on a four-count Amended Complaint to Foreclose Federal Tax Liens and Sell Real Property against the same. (Doc. #7.)

On January 31, 2017, Lee County filed a Disclaimer of Interests, disclaiming its interest in the Florida Parcel and requesting to be excused from pretrial matters and trial, which was granted on February 1, 2017. (Docs. ##37, 40.) Additionally, the United States has agreed by Stipulation that Ocwen, as the holder of a mortgage security interest on the Florida Parcel (Doc. #21-1), has a priority interest. (Doc. #45.) Because the issue of Ocwen and Lee County's respective interests has been resolved, plaintiff's motion is limited to defendants Richard Shaw, Rose Shaw, and Saint Andrews Ivy, B.T., who may claim an interest in the Florida Parcel (collectively "defendants"). Because

---

[1] The Florida Parcel is legally described as:

Lot 1, Block 77, of the certain subdivision known as FORT MYERS VILLAS, UNIT NO. 3B PART 2 AND UNIT NO. 4 PART 3, AND UNIT NO. 5 PART 2, AND UNIT NO. 6, PART 1, according to the map or plat thereof on file and recorded in the Office of the Clerk of the Circuit Court of Lee County, Florida, in Plat Book 17, Pages 61 and 62, Public Records of Lee County, Florida.

(Doc. #7 p. 3 ¶ 10.)

defendants failed to respond to the Amended Complaint, a Clerk's Entry of Default was entered on February 2, 2017.  (Doc. #41.) Plaintiff now moves for the entry of judgment against defendants.

**II.**

When a defendant defaults, they are "deemed to admit the plaintiff's well-pleaded allegations of facts," but not conclusions of law or facts not well-pleaded.  <u>Surtain v. Hamlin Terrace Foundation</u>, 789 F.3d 1239, 1245 (11th Cir. 2015).  To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment.  <u>Id.</u> (quoting <u>Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim."  <u>Id.</u>

In its four-count Amended Complaint, the United States requests the following:

> (Count I) find that the United States' tax liens have priority over subsequently-recorded interests,
>
> (Count II) set aside the transfer of property of the Florida Parcel to Saint Andrews Ivy, B.T. as fraudulent,
>
> (Count III) find that the Florida Parcel is held by Saint Andrews Ivy, B.T. as the nominee or alter ego of Richard C. Shaw and that the Federal tax liens attach to that interest, and
>
> (Count IV) foreclose Federal tax liens against the Florida Parcel, currently titled in the name of a nominee and/or alter ego of Richard

>C. Shaw and sell the property to satisfy, in
>part or in full, the tax liens issue.

(Doc. #7.) A bankruptcy stay as to Richard Shaw was partially lifted on November 14, 2016 as to liability only, but this case remains stayed as to the enforcement of any judgment through a foreclosure sale. (Doc. #29.) Therefore, the United States only seeks judgment at this time as to Counts I-III.

**A. The Florida Parcel's History**

According to the Amended Complaint, the Florida Parcel was transferred to Richard Shaw from Thomas Nunn and Shirley Nunn by a warranty deed recorded in Lee County, Florida (Doc. No. 4641532), on May 25, 1999.[2] (Doc. #7, ¶ 11.) On September 22, 2003, a quitclaim deed was recorded in Lee County, Florida (Doc. No. 5978038), in which Richard Shaw, "joined by his spouse Rose Shaw," for ten dollars consideration, purported to transfer the Florida Parcel to Richard C. Shaw and Rose Shaw, husband and wife.[3] (Id. ¶ 12.) Also on September 22, 2003, the Shaws recorded a mortgage on the Florida Parcel as security for a $135,000 loan (Doc. No.

---

[2] The United States does not include copies of the deeds.

[3] A conveyance to spouses "as husband and wife" is presumed to form an estate by the entirety, Schuler v. Claughton, 248 F.2d 528, 529 n.1 (5th Cir. 1957) (interpreting Fla. Stat. § 689.11); see also Losey v. Losey, 221 So. 2d 417, 418 (Fla. 1969). As set forth below, the Court directs plaintiff to clarify Rose Shaw's interest upon moving for an order of sale.

5978039). (Id. ¶ 14.) Ocwen is the current servicer of that mortgage. (Id. ¶ 15.)

On October 19, 2004, a warranty deed was recorded in Lee County, Florida (Doc. No. 6490971), in which Richard Shaw purported to transfer the Florida Parcel to Saint Andrews Ivy, B.T.[4] for ten dollars consideration. A corrected version of that warranty deed was filed on October 19, 2004 in Lee County, Florida at Doc. No. 6492360. (Doc. #7, ¶ 13.) At the time of transfer to Saint Andrews Ivy, B.T., Richard Shaw was aware that he was indebted to the United States for outstanding tax liabilities, as detailed below, and became insolvent as a result of the transfer to Saint Andrews Ivy, B.T. (Id. ¶¶ 55-57.) Richard Shaw continues to pay the carrying cost of the Florida Parcel (Id. ¶ 28), and continues to "occupy, possess, exercise dominion and control, and have use and enjoyment of the Florida Parcel," including periodic residency. (Id. ¶¶ 28, 50.)

**B. Richard Shaw's Tax Liabilities**

Beginning on November 17, 2003 – approximately two months after the quitclaim deed and mortgage were recorded – the IRS performed the first of several tax assessments of Richard Shaw's

---

[4] Saint Andrews Ivy, B.T. is a trust incorporated in Nevada. (Doc. #7, ¶ 7.) Richard Shaw is managing director and Rose Shaw is the trust secretary. (Id. ¶ 24.) Richard and Rose's son (Travis Shaw) and daughter (Vanessa Shaw) are listed as trustees. (Id.) The trust has no beneficiaries. (Id.)

unpaid taxes for tax years 1999, 2000, 2003, and 2004.[5]  (Doc. #7, pp. 5-6, see chart.)  Richard Shaw failed to pay in full these tax liabilities despite notice and demand for payment.  (Id. ¶ 19.)  Pursuant to 26 U.S.C. § 6321, statutory liens arose against all property and rights to property owned by Richard Shaw, including the Florida Parcel, at the time of the tax assessments.  (Id.)  Despite timely notice and demand for payment of the assessments, Richard Shaw neglected or refused to make full payment to the United States, and the assessments remain due and owing, together with accrued but unassessed statutory interest of $387,396.48, as of August 17, 2015, minus pre-petition penalties, fees, and interest accruing on pre-petition fees and penalties, but plus statutory interest and accruals after August 17, 2015.  (Id. ¶ 20.)

The IRS duly recorded notice of federal tax liens in Lee County, Florida, at Doc. No. 20141120-0002981 (Nov. 20, 2014); Doc. No. 2015-0218-0000956 (Feb. 18, 2015); and Doc. No. 20150504-0002075 (May 4, 2015), naming Saint Andrews Ivy, B.T. as nominee of Richard Shaw.  (Doc. #7, ¶ 21.)  Those documents include

---

[5] Income tax assessments, post-petition fee assessments, and corresponding accrued interest for the 1999, 2000, 2003, and 2004 tax years have not been discharged in Richard Shaw's bankruptcy. While pre-petition fees and penalty assessments, and corresponding interest have been discharged, pre-petition federal tax liens that reflect those assessments may still be foreclosed.  (Doc. #7, p. 7.)

Richard Shaw's 1999, 2000, 2003, 2004 federal income tax periods, and the 2002 and 2003 civil penalty periods.

**C. Richard Shaw's Purchase and Control of the Florida Parcel, and the Relevant Nominee Entity**

The United States alleges upon information and belief that Richard Shaw currently lives on a parcel of property also owned by Saint Andrews Ivy, B.T., in Nevada. (Doc. #7, ¶ 26.) The United States believes that Richard Shaw has lived on the Florida Parcel periodically since that parcel was purchased by Richard Shaw. (Id. ¶ 27.) The carrying costs for the Florida Parcel are being paid out of Richard Shaw's bank accounts. (Id. ¶ 28.)

**D. Richard Shaw's Bankruptcy Did Not Discharge the Income Tax Liabilities Listed Above**

On July 11, 2014, Richard Shaw filed for Chapter 7, no-asset bankruptcy. (Doc. #7, ¶ 30.) In his bankruptcy petition, Richard Shaw did not list either the Nevada Parcel, or the Florida Parcel, as an asset. (Id. ¶ 31.) Nor did Richard Shaw list an interest of any kind in Saint Andrews Ivy, B.T., and listed only $4,100 in tax debts to the IRS. (Id.)

Richard Shaw was aware that he had a duty to pay federal taxes on all income for tax years 1999, 2000, 2003, and 2004, but intentionally chose not to do so, evading his taxes. (Doc. #7, ¶ 33.) Richard Shaw eventually filed returns for tax years 2000, 2003, and 2004, years late, and filed frivolous documents listing only zeros in portions that required income reporting. (Id. ¶¶

36-38.)  The IRS has issued statutory notices of deficiency per 26 U.S.C. § 6212 for the 1999, 2000, 2003, and 2004 tax years, which went unchallenged by Richard Shaw.  (Id. ¶¶ 39-40.)

By transferring the Nevada and Florida Parcels to Saint Andrews Ivy, B.T., subsequently filing a Chapter 7 bankruptcy petition without listing the Nevada or Florida Parcels, and filing "zero" returns that are not honest and genuine, Richard Shaw was attempting to evade or defeat the income tax assessments, and so the income tax debts were not discharged.  (Doc. #7, ¶ 43.)

**III.**

Under section 6321 of the Internal Revenue Code, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand," the United States will have a lien "upon all property and rights to property . . . belonging to such person."  26 U.S.C. § 6321.  Federal tax liens "shall arise at the time the assessment is made."  26 U.S.C. § 6322; see also United States v. De Cespedes, 603 F. App'x 769, 771 (11th Cir. 2015) (finding that a lien for unpaid taxes from 2001, 2002, and 2003 was created once the assessment was made in 2009).  Levy of the unpaid tax must begin "within 10 years after the assessment of the tax."  26 U.S.C. § 6502.

When enforcing internal revenue laws, district courts are empowered "to render such judgments and decrees as may be necessary and appropriate."  United States v. Christiansen, 414 F. App'x

218, 220 (11th Cir. 2011) (quoting 26 U.S.C. § 7402(a)). The Court is also authorized, under section 726.108, Florida Statutes, "to grant a creditor broad relief against the transferee of a fraudulent transfer. Friedman v. Heart Institute of Port St. Lucie, Inc., 806 So. 2d 625, 626-27 (Fla. 4th DCA 2002), aff'd 863 So. 2d 189 (Fla. 2003).

**A. Count I: Priority of Federal Tax Liens over Subsequently-Recorded Interests**

Plaintiff asks the Court to make a finding on the priority of the federal tax liens as they relate to subsequent interests. Priority for the purposes of federal law is "governed by the common law principle that first in time is first in right." United States v. Spoor, 838 F.3d 1197, 1201 (11th Cir. 2016) (quoting United States v. McDermott, 507 U.S. 447, 449 (1993)). Tax liens are valid against purchasers once recorded with the proper office designated by state law. 26 U.S.C. § 6323(a),(f)(1)(A)(i). However, until the lien is recorded, it does not have priority against any purchaser or holder of a security interest. Spoor, 838 F.3d at 1202.

The first tax lien came into existence on November 11, 2003, and was recorded in Lee County on April 28, 2005. (Doc. #7, pp. 5, 7; ¶ 22.) Therefore, the United States has alleged sufficient facts to show that the federal tax liens have priority over any interest held by the defendants recorded after April 28, 2005.

Additionally, for the reasons explained below, Saint Andrews Ivy, B.T. is not a bona fide purchaser under 26 U.S.C. § 6323(a), and therefore its interest is not protected against federal tax liens.

**B. Count II: Setting Aside Transfer of Florida Parcel to Saint Andrews Ivy, B.T. as Fraudulent**

The United States asks that the Court set aside the transfer of the Florida Parcel to Saint Andrews Ivy, B.T. based on the theory that the transfer was actually fraudulent under the Florida Uniform Fraudulent Transfer Act (FUFTA), Fla Stat. § 726.105(1)(a)), and is therefore voidable pursuant to Fla. Stat. § 726.108(1)(a)-(b).

A fraudulent transfer may be voided under the FUFTA, and a creditor may have their claim attached against the transferred property. Fla. Stat. § 726.108(1)(a)-(b). According to the FUFTA, a transfer is actually fraudulent – "whether the creditor's claim arose before or after the transfer" – when made by a debtor "with actual intent to hinder, delay, or defraud any creditor." Wiand v. Lee, 753 F.3d 1194, 1199 (11th Cir. 2014) (quoting Fla. Stat. § 726.105(1)(a)). Accordingly, for a plaintiff to succeed on an FUFTA claim, they must show "[1] a creditor to be defrauded, [2] a debtor intending fraud, and [3] a conveyance of property." Id. at 1199-1200 (quoting Johnson v. Dowell, 592 So. 2d 1194, 1196 (Fla. 2d DCA 1992)); see also Newman v. William L. Gunlicks Irrevocable Tr., 897 F. Supp. 2d 1270, 1276 (M.D. Fla. 2012)

(dismissing a FUFTA claim for failure to adequately identify a "creditor" and "debtor.")).

To qualify as a "creditor," a plaintiff must show they have a "claim" as defined in section 726.102, Florida Statutes. Friedman v. Heart Institute of Port St. Lucie, Inc., 863 So. 2d 189, 192 (Fla. 2003). Such claims are broadly defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. § 726.102(4); Wiand, 753 F.3d at 1200; Friedman, 863 So. 2d at 192.

To determine whether the United States has sufficiently alleged actual intent, the Court will look to the statutory "badges of fraud," specifically whether:

> (a) The transfer or obligation was to an insider.
>
> (b) The debtor retained possession or control of the property transferred after the transfer.
>
> . . . .
>
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
>
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
>
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

Fla. Stat. § 726.105(2)(a)-(k).

As noted above, United States plausibly alleges that it holds federal tax liens against Richard Shaw and the Florida Parcel. (Doc. #7, pp. 4-12.) The tax debt owed, and the resulting lien, fall squarely within the broad definition of a claim under the FUFTA. Accordingly, the Court is satisfied that plaintiff has sufficiently identified the United States as a defrauded creditor, and that the transfer of the Florida Parcel is the type of conveyance meant to fall within the scope of the FUFTA. Specifically, Saint Andrews Ivy, B.T.'s managing director is an "insider" as defined by section 726.102, Florida Statutes[6] (Id. ¶¶ 24, 53), and Richard Shaw became insolvent when he transferred his real assets – including the Florida Parcel – to Saint Andrews Ivy, B.T. (Id. ¶ 57.) Additionally, plaintiff alleges sufficient facts that the consideration paid ($10) was unreasonable and inadequate (Id. ¶ 54) and that Richard Shaw continued to "occupy, possess, exercise dominion and control over, and have use and enjoyment of" the Florida Parcel after the conveyance. (Id. ¶¶ 27, 50.) Furthermore, the transfer was made shortly after Richard Shaw was informed of his tax obligations. (Id. ¶ 55)

Therefore, because the statutory "badges of fraud" have been adequately alleged, the Court finds that the transfer of the

---

[6] "Insider includes . . . a corporation of which the debtor is a director, officer, or person in control." Fla. Stat. § 726.102.

Florida Parcel from Richard Shaw to Saint Andrews Ivy, B.T. was fraudulent against the United States. Accordingly, the Court will sets aside the transfer as fraudulent and void.

### C. Count III: Finding Saint Andrews Ivy, B.T. As Nominee of Richard Shaw, and that the Federal Tax Liens Attach to that Interest

The United States further requests that the Court find that the federal tax liens attach to the Florida Parcel because Saint Andrews Ivy, B.T. holds title to the property as Richard Shaw's nominee or alter ego.

A lien can be attached to property held by a third party "holding the property as a nominee . . . of the delinquent taxpayer." United States v. Lupi, No. 8:09-cv-552-T-30TGW, 2010 WL 2330303, at *5 (M.D. Fla. June 9, 2010) (quoting May v. United States, No. 07-10531, 2007 WL 3287513, at *1 (11th Cir. Nov. 8, 2007)). To identify a nominee, the Court considers the following:

> (1) whether the taxpayer continues to exercise dominion and control over the property; (2) whether the property was transferred in anticipation of collection activity; (3) the amount of consideration, if any, paid for the transfer; (4) the relationship between the taxpayer and the new title holder; and (5) whether the taxpayer continues to pay for the property's expenses.

United States v. Enright, No. 8:14-cv-2189-T-30JSS, 2015 WL 5883166, at *4 (M.D. Fla. Oct. 6, 2015) (citing United States v. Dornbrock, No. 06-61669-CIV, 2008 WL 769065, at *4 (S.D. Fla. Jan. 17, 2008)).

As the Court found in its above FUFTA analysis, plaintiff plausibly alleges elements 1 through 4 of the <u>Enright</u> test, which is also included among the "badges of fraud" already considered under Count II.  Furthermore, satisfying the fifth element of the <u>Enright</u> test, plaintiff sufficiently alleges that Richard Shaw has continued to pay the carrying costs – including a mortgage in his name – out of his own bank accounts.  (Doc. #7, ¶¶ 25, 28.)

Therefore, Saint Andrews Ivy, B.T. is the nominee or alter ego of Richard Shaw, and accordingly, the federal tax liens are properly attached to Richard Shaw's interest in the Florida Parcel.

**IV.**

With regard to the proper entry of judgment, the bankruptcy stay as to liability was lifted on November 14, 2016 (Doc. #29); therefore, entry of judgment is appropriate as to liability.  The stay has not been lifted as to the foreclosure of tax liens on the Florida Parcel, and the United States is not requesting that the property be sold at this time.  (Doc. #46, p. 6.)  Thus, the Court will defer the issue of foreclosure pending the submission of a motion and proposed order of sale, which should more specifically address issues of homestead, Rose Shaw's interest in the property, and whether the sale should be limited in any fashion.

Accordingly, it is hereby

**ORDERED AND ADJUGED:**

1. The United States' Motion for Default Judgment against Richard Shaw, Rose Shaw, and Saint Andrews Ivy, B.T. (Doc. #46) is **GRANTED** to the extent that judgment will be entered as to Counts I through III.  The issue of foreclosure (Count IV) is otherwise taken under advisement pending a motion and proposed order for sale or further order of the Court.

2. The Clerk shall enter a default judgment in favor of plaintiff and against defendants Richard Shaw, Rose Shaw, and Saint Andrews Ivy, B.T., as to Counts I through III as follows:

   a. The United States has **valid** tax liens resulting from Richard Shaw's unpaid federal income taxes for the tax years ending 1999, 2000, 2003, and 2004, and the tax liens shall **attach** to Richard Shaw's interest in real property located at 2301 Ivy Ave., Fort Myers, Florida, 33907, including any interest fraudulently conveyed to or held as nominee and alter ego by Saint Andrews Ivy, B.T., whose interest is deemed void;

   b. The United States has priority over any subsequent claimant to real property located at 2301 Ivy Ave., Fort Myers, Florida, 33907, subject to the priority interest held by Ocwen Loan Servicing, LLC.

2. This case remains **stayed** as to the enforcement of this judgment through foreclosure due to the ongoing bankruptcy proceedings.  (Doc. #29.)  Plaintiff shall inform the Court when

the stay is due to be lifted or otherwise submit a motion and proposed order of sale.

3. Plaintiff shall also inform the Court whether defendants Ocwen Loan Servicing, LLC and Lee County, Florida, are due to be terminated from this matter as party-defendants.

4. The Clerk shall forward a copy of this Order to the last known addresses for defendants and add a stay flag to the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Richard C. Shaw
Rose O. Shaw
Saint Andrews Ivy, B.T.